**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER SINGH, | No. 09-71028 |
| Petitioner, | |
| v. | Agency No. A099-340-857 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2013
San Francisco, California

Before: D.W. NELSON, REINHARDT, and M. SMITH, Circuit Judges.

Balwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

8 U.S.C. § 1252. We grant the petition and remand for further proceedings pursuant to *INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

The BIA assumed, *arguendo*, that Singh testified credibly and established that he had been persecuted on account of one of the grounds for which an alien may be granted asylum. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). We therefore do the same.

The BIA nonetheless determined that Singh was ineligible for asylum, withholding of removal, and CAT relief because, in the BIA's view, the Government demonstrated by a preponderance of the evidence that Singh could safely and reasonably relocate in India in any of several Sikh communities outside of the Punjab. The BIA's conclusion was premised upon the fact that Singh "was never himself politically active and was not a militant," and "the country conditions evidence reflects that low level activists or individuals without political involvement do not face a high risk of persecution."

This analysis was erroneous as a matter of law, because it is based upon Singh's actual political opinion (or rather, his lack thereof) instead of the political opinion imputed to him by Indian security officials. *See, e.g.*, *Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir. 1997) (explaining that in asylum cases involving imputed political opinions "the focus of the inquiry turns away from the views of

2

the victim to the views of the persecutor"). It is true that Singh did not claim to be a Sikh separatist. He testified, however, that he was persecuted because Indian security officials (wrongly) *believed* him to be a high-level supporter of, and donor to, the Sikh separatist cause. In 2005 — a time when the country conditions reports relied upon by the BIA suggest that nonpolitical Sikhs and low-level Sikh activists had little to fear even within the Punjab region — security officials detained Singh for a period of two weeks and repeatedly beat him with sticks, straps, canes, and rifle butts. Singh was accused by his tormenters of funding terrorism and inciting Sikh youth to acts of terrorism, precisely the activities that cause Punjabi officials to pursue an individual outside of the Punjab region according to the same country conditions reports. Furthermore, after his escape from India, officials continued to warn the members of Singh's family who remained behind that he would be shot if he were to return.

For similar reasons, the BIA's reliance on the fact that Singh's brother-in-law has been able to return safely to India was erroneous. Singh and his brother-in-law are not similarly situated in the eyes of Indian security officials because there is no evidence that officials believe that the brother-in-law participates in militant groups or raises funds for them. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir. 2003).

3

We therefore grant the petition and hold that the BIA's determination that Singh can internally relocate is not supported by substantial evidence. However, given the passage of time since the IJ first addressed Singh's ability to relocate, we remand on an open record. *Ventura*, 537 U.S. at 18; 8 C.F.R. § 1003.1(d)(3)(iv).

**PETITION FOR REVIEW GRANTED AND REMANDED.**